NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



DELIA CERMENO-AVILA; STEEVEN ELISEO RAMOS-CERMENO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-2833

Agency Nos.
A220-605-034
A220-151-885

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2024[**]
Pasadena, California

Before: PARKER, HURWITZ, and DESAI, Circuit Judges.[***]

Delia Cermeno-Avila and her minor son Steeven Eliseo Ramos-Cermeno,

natives and citizens of Guatemala, petition for review of a decision of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barrington D. Parker, United States Circuit Judge for the Court of Appeals, Second Circuit, sitting by designation.

Immigration Appeals ("BIA") dismissing an appeal from a decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petitions.

1.  Cermeno-Avila asserted persecution on account of her membership in two proposed particular social groups ("PSGs"), "Women in Guatemala" and "Female Business Owners." The IJ found that she "failed to establish that any past harm was on account of a protected group" and "[h]er claim of a well-founded fear of future persecution also fail[ed] on the nexus element." That conclusion, which the BIA adopted, citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), is supported by substantial evidence. The record does not compel the conclusion that the armed men who threatened Cermeno-Avila were motivated by anything other than greed. Although the men left Cermeno-Avila with a newspaper article about a dismembered woman, she testified that the men "investigate all the businesses to make money," not just those businesses owned by women. Her mere "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007,

---

[1] Ramos-Cermeno, a derivative beneficiary of his mother's asylum application, also submitted separate applications for asylum and withholding. The BIA did not address the latter applications separately, and no distinct arguments about Ramos-Cermeno are raised in the petitioners' briefing. We therefore address only the arguments raised by Cermeno-Avila.

23-2833

1016 (9th Cir. 2010). Moreover, "[p]ersecution on account of economic reasons is not a protected ground for asylum." *Perez-Lopez v. Wilkinson*, 846 F. App'x 500, 502 (9th Cir. 2021). Because Cermeno-Avila has not established a sufficient nexus, we need not consider whether her proposed groups were cognizable. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

2. Finally, substantial evidence supports the IJ's conclusion that Cermeno-Avila did not qualify for CAT protection. Applicants for CAT protection must establish that it is more likely than not they would be tortured if removed, 8 C.F.R. § 1208.16(c)(2), "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," 22 C.F.R. § 95.1(b)(1). Past torture is "ordinarily the principal factor" in assessing whether an applicant will likely suffer future torture. *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005).

The record does not compel the conclusion that Cermeno-Avila suffered past torture. As Cermeno-Avila admits, she was never physically harmed by the armed men who threatened her. *Cf. Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (concluding that physical beatings did not rise to the level of torture); *Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007) (concluding that the petitioner being beaten four times did not necessarily rise to the level of torture); *Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006) (affirming the BIA's determination that a

petitioner was not tortured despite "a month-long detention that included severe physical attacks and threats to his life").

The IJ's conclusion that Cermeno-Avila did not establish a probability of future government instigation, consent, or acquiescence in torture is also supported by the record. Although there is evidence of generalized "human rights abuses, impunity, crime, violence, and corruption in Guatemala," that evidence does not compel a finding of a "particularized, ongoing risk of future torture." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 707 (9th Cir. 2022).

**PETITIONS FOR REVIEW DENIED.**